FILED

MAR 1 - 2006

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:06CR68-MEF |
| ) | [18 USC 2; |
| CIPRIANO ROJAS-ANDRADE and ) | 18 USC 1028(a)(3); |
| LETICIA NAVARRO-FALCON ) | 18 USC 1028 (a)(6); |
| ) | 18 USC 1546(a); |
| ) | 18 USC 1546(b)(2); |
| ) | 42 USC 408(a)(7)(B)] |
| ) | |
| ) | |
| ) | **INDICTMENT** |

The Grand Jury charges:

## COUNT 1

On or about June 10, 2005, in the Middle District of Alabama, the defendants,

CIPRIANO ROJAS-ANDRADE and
LETICIA NAVARRO-FALCON,

aided and abetted by each other and others known and unknown to the Grand Jury did possess with intent to transfer unlawfully five or more false identification documents, in or affecting interstate commerce. All in violation of Title 18, United States Code, Section 1028(a)(3) and Title 18 United States Code, Section 2.

## COUNT 2

On or about June 10, 2005, in the Middle District of Alabama, the defendant,

CIPRIANO ROJAS-ANDRADE,

did knowingly possess an identification document that appeared to be an identification document of the United States, which was produced without lawful authority, knowing that such document was produced without such authority, in violation of Title 18, United States Code, Section 1028(a)(6).

COUNT 3

On or about June 10, 2005, in the Middle District of Alabama, the defendant,

CIPRIANO ROJAS-ANDRADE,

did knowingly utter, use, and attempt to use an alien registration receipt card and other document prescribed by statute and regulation as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, falsely made and unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a).

COUNT 4

On or about June 10, 2005, in the Middle District of Alabama, the defendant,

CIPRIANO ROJAS-ANDRADE,

did use an identification document knowing, and having reason to know, that the document is false for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act, in violation of Title 18, United States Code, Section 1546(b)(2).

COUNT 5

On or about June 10, 2005, in the Middle District of Alabama, the defendant,

CIPRIANO ROJAS-ANDRADE,

did knowingly buy or sell a card that is or purports to be a Social Security card issued by the Secretary, counterfeited a Social Security card, and possessed a counterfeit Social Security card with intent to sell it, in violation of Title 42, United States Code, Section 408(a)(7)(B).

COUNT 6

On or about June 10, 2005, in the Middle District of Alabama, the defendant,

LETICIA NAVARRO-FALCON,

did knowingly possess an identification document that appeared to be an identification document of the United States, which was produced without lawful authority, knowing that such document was produced without such authority, in violation of Title 18, United States Code, Section 1028(a)(6).

## COUNT 7

On or about June 10, 2005, in the Middle District of Alabama, the defendant,

LETICIA NAVARRO-FALCON,

did knowingly utter, use, and attempt to use an alien registration receipt card and other document prescribed by statute and regulation as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, falsely made and unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a).

## COUNT 8

On or about June 10, 2005, in the Middle District of Alabama, the defendant,

LETICIA NAVARRO-FALCON,

did use an identification document knowing, and having reason to know, that the document is false for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act, in violation of Title 18, United States Code, Section 1546(b)(2).

## COUNT 9

On or about June 10, 2005, in the Middle District of Alabama, the defendant,

LETICIA NAVARRO-FALCON,

did knowingly buy or sell a card that is or purports to be a Social Security card issued by the Secretary, counterfeited a Social Security card, and possessed a counterfeit Social Security card with intent to sell it, in violation of Title 42, United States Code, Section 408(a)(7)(B).

A TRUE BILL:

*[signature: Jayne D Gubert]*
Foreperson

*[signature: Susan R Redmond]*
Susan R. Redmond
Assistant United States Attorney